UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

FEI QUANG QIN,

    Defendant.

_____/

No. CR 11-0083 PJH

**FINAL PRETRIAL ORDER**

This matter came before the court for a pretrial conference on November 30, 2011. At the hearing, the court ruled on several motions in limine and other pretrial issues as stated on the record and summarized below.

**A. Government's Motions in Limine**

    **1. Motion to Admit Evidence re Prior Copyright Infringement Lawsuits**

This motion overlaps with Qin's related motion in limine to exclude the same evidence. The court DENIES the government's motion to introduce the evidence, and GRANTS Qin's related motion to exclude the evidence from the government's case-in-chief because the copyright claims in the civil cases are not sufficiently similar to the charge in this criminal case under Federal Rule of Evidence 404(b).

    **2. Motion to Admit Defendant's Statements Against Interest**

The government represented to the court at the hearing that it intends to introduce Qin's August 13, 2010 statements *solely* as they pertain to the counterfeit charge in this case and that it does not intend to introduce any statements regarding adult and/or child

pornography. Based on that limitation and the absence of any opposition to that limitation, the court GRANTS the motion.

### 3. Motion to Admit Copies of Dolby's Registrations

The court GRANTS this unopposed motion.

### 4. Motion to Admit Customs and Border Patrol ("CBP") Document(s)

At the hearing, the government clarified that it intends to introduce a chart printed out by CBP that demonstrates *all* of Qin's importations since 2003. The court GRANTS in part and DENIES in part the government's motion. The government will be permitted to introduce into evidence the chart of importations but only for a period of one year, which, based on the indictment, would include the period from October 21, 2009 until October 21, 2010.

## B. Defendant's Motions in Limine

### 1. Motion to Exclude Evidence of Child Pornography and Adult Pornography

The court GRANTS in part and DENIES in part Qin's motion.

At the outset, some preliminary issues arose at the hearing regarding which dvds the government intended to introduce at trial and whether there had been a sufficient expert determination that those dvds all contained counterfeit logos. The government represented at the hearing that it intends to introduce a "sample" of sixty-three dvds, all of which were inspected by its expert. It estimated that approximately six of the sixty-three dvds contained images of adult pornography. The court ORDERS the government to provide defense counsel with a comprehensible list identifying the sixty-three dvds included in that sample and photographs of the dvds and envelopes contained in that sample **no later than Monday December 5, 2011.**

Additionally, the government represented that it also intends to introduce a box of 909 dvds seized in conjunction with the second search of FQQ on October 21, 2011. Upon questioning by the court, the government attested at the hearing that the Dolby expert conducted an "in the field" examination and determined that all of those dvds contained

2

counterfeit logos. Defendant objected that the expert's "in the field" examination was insufficient. However, the government represented that the agents seized the subject 909 dvds pursuant to the expert's direction and determination that the dvds contained counterfeit logos. Given these representations, the court DENIES Qin's motion to exclude the 909 dvds on this basis. Qin's counsel may explore the sufficiency of the expert's examination of the dvds on cross-examination. The government, however, should make this box of dvds available for inspection by defense counsel **no later than Monday, December 5, 2011.**

The court GRANTS Qin's motion to exclude evidence of child pornography. There is to be **no** reference to child pornography at trial. The government is required to inspect and ensure that none of dvds described above contain any images of or references to child pornography.

Regarding adult pornography, the court agrees that Qin is not entitled to the exclusion of all such evidence. However, having inspected a representative sample of the dvds from the group of sixty-three dvds, the court GRANTS Qin's motion in part as it pertains to evidence of adult pornography. The government is prohibited from introducing any evidence of adult pornography that contains explicit sex acts *or* genitalia under Federal Rules of Evidence 402 and 403. Accordingly, the government is required to inspect and ensure that none of the dvds described above contain any images of or reference to such disallowed adult pornography.

The court, however, DENIES Qin's motion to exclude evidence regarding the fact that some of the dvds were contained in concealed envelopes.

**2. Motion in Limine to Exclude Evidence Regarding Pretrial Supervision of Defendant and Background of Investigation**

The court DENIES defendant's motion to exclude such evidence, but notes that the government will not be entitled to introduce any evidence pertaining to child pornography or the child pornography investigation, including the third October 25, 2011 search.

3

**3.     Motion to Exclude Expert Testimony**

The court DENIES defendant's motion, but as set forth above, orders the government to disclose a list and provide photographs of the dvds about which the expert will testify **no later than Monday, December 5, 2011.**

**4.     Motion to Exclude Chinese Language Translations**

The court DENIES this motion as moot.

**5.     Motion to Set a Discovery Cut-Off Date**

The court DENIES this motion as moot.

**6.     Motion to Order Disclosure of Grand Jury Transcripts**

The court DENIES this motion as moot.

**7.     Motions for Limitations on Witnesses**

The court GRANTS this motion in part as follows:

a.     Non-exempt witnesses are excluded during opening statements and trial;

b.     Only exempt witnesses are allowed in the courtroom;

c.     Other than the government's exempt case agent and its expert, all witnesses are prohibited from reading trial transcripts and discussing their testimony with anyone other than counsel; and

d.     All of the above limitations apply equally to government and defense witnesses.

The court DENIES Qin's motion to require that the government's case agent testify before non-exempt government witnesses.

**C.     Jury Instructions**

The court is inclined to give the model Ninth Circuit instruction regarding "deliberate indifference," but will reserve ruling until the evidence is in at trial.

**D.     Voir Dire**

**1.     Government's Voir Dire**

The court SUSTAINS defendant's objections to the government's voir dire questions nos. 1, 4, and 5.  The court will not use or permit any of those questions.  The court

OVERRULES defendant's objection to no. 2, and will give that question. As for no. 3, the court will allow government counsel to ask the question but the government must modify the question such that it is clear that the juror believed s/he was purchasing the original item.

### 2. Defendant's Voir Dire

The court SUSTAINS the government's objections to defendant's voir dire questions nos. 11 and 12 as argumentative, but OVERRULES the government's objections to nos. 1-10 and will give those questions to the extent they are not repetitive of the court's standard voir dire questions.

### E. Scheduling

The court advised the parties regarding its scheduling concerns given the upcoming holidays and the court's unavailability on Tuesday, December 20, 2011, and Wednesday, December 21, 2011. Government counsel ensured the court that it would be prepared to rest its case no later than the end of the day on Thursday, December 15, 2011, and defense counsel advised the court that it could complete its case no later than Friday, December 16, 2011. The court anticipates that closing arguments will be held no later than December 16, 2011, and that the jury will begin deliberating no later than 8:30 a.m. Monday, December 19, 2011.

Additionally, the court advised the parties that on **Monday, December 12, 2011, Tuesday, December 13, 2011,** and **Friday, December 16, 2011,** the trial day will last from **8:30 a.m. until 4:00 p.m.** On Thursday, December 15, 2011, the trial day will last from 8:30 a.m. until 1:30 p.m.

**IT IS SO ORDERED.**

Dated: December 1, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge